# Sypher *against* Long.

A plaintiff cannot make himself a witness in his proper cause by instituting it in the name of a formal transferee.   Therefore an administrator cannot testify, upon secretly assigning his interest to the heir of his intestate ; the legal plaintiff's interest not being diminished, nor the assignee's title enhanced thereby.

It is error to put it to the jury to find a fact without evidence.

ERROR to *Lycoming* county.

This was an action of debt on a note under seal, by Jacob Sypher, surviving administrator of Henry Long deceased, for the use of David Strawbridge, against the administrators of Abraham Sypher deceased.   David Strawbridge, for whose use the suit was brought, was married to the heir at law of Henry Long deceased, and the suit was brought for his use, so that Jacob Sypher, the administrator, might be a witness.   On the trial he was offered as a witness and admitted, to which the defendant excepted.   This was the first error assigned.   The defendant asked the court to instruct the jury :

" That unless the jury believe that the note on which the present action is founded was signed by Abraham Sypher deceased, the defendant will be entitled to a verdict, even if the jury believe the

[Sypher v. Long.]

deceased borrowed money of said Long, unless the note in contro-versy was given for the same."

To which the court answered:

This is correct, with this exception, that, if the note was delivered by the defendant's intestate as his act and deed, although not signed by him, but by a neighbour or friend, in his presence, it would be his act and deed, and the plaintiff in that case would be enti-tled to recover.

This answer of the court was the second error assigned, on the ground that there was no pretence of proof on the trial to support the facts stated in the court's answer.

*Parsons,* for plaintiff in error.
*Armstrong,* for defendants in error.

The opinion of the Court was delivered by
GIBSON, C. J.—A plaintiff cannot make himself a witness in his proper cause, by instituting it in the name of a formal transferee of either a legal or an equitable title.    The court looks beyond the record to his actual position, and fixes him with the responsibilities of it.    There is nothing here to show that the legal plaintiff is less the party in actual interest, for having marked the action to the use of the husband of the intestate's only child, who is entitled to no more by the assignment than he would be without it.    It is not pre-tended that he could receive the contents of this note paramount to the title of the administrator, if it were wanted for payment of debts; or that he could demand it without tendering a refunding bond to provide for contingencies.    The assignment, consequently, gave him no other or better title than he had before; and the competency of the administrator, therefore, was just what it would have been with-out it.    But it is not pretended that the equitable assignee was an actor in prosecuting the action.    The counsel for the plaintiff was retained exclusively by the administrator; and the assignment was made in the absence of the assignee, without consultation with him, and without his privity or consent.    The object, in compliance with a suggestion by the counsel, was avowedly to make the admin-istrator a witness.    To prosecute the action in this guise, would cer-tainly not exempt him from the costs; and without a transfer he would be liable for no more.

There is also an exception to the direction, that the plaintiff might recover if he delivered the single bill, though he had not signed it with his own hand; and this is urged, not on the ground of objec-tion to the abstract principle, but to an attempted application of it to the cause, without evidence. We cannot say the court distinctly erred in this particular, though it is certainly error to put it to the jury to find a fact without evidence. In what is called, in other re-spects, a hard case, juries are often sufficiently prompt to break through the law, without the suggestion of a pretext for it. In the

[Sypher v. Long.]

present instance, there was no evidence that the single bill was not signed by the defendant's intestate, if signed at all; yet the fact was not directly submitted for decision, and though it might possibly have tended to mislead in the shape in which it was put, yet as the cause goes back on another ground, it is sufficient to indicate, that it ought to be decided on the questions which arise directly out of the evidence.

Judgment reversed, and a *venire de novo* awarded.